UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLIOUS TUCKER,<br><br>Plaintiff,<br><br>v.<br><br>JAROM A. DASZKO, M.D., et al.,<br><br>Defendants. | No. 2:17-cv-1798 KJN P<br><br><br><br>ORDER |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

(2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

In his complaint, plaintiff alleges the following: Around December of 2007, plaintiff suffered a ruptured Achilles tendon in his left foot. On May 15, 2008, plaintiff had surgery, which he claims went awry and causes him to suffer daily pain, ranging from mild to severe, unless he receives an injection of cortisone, which he claims eases his pain tremendously. (ECF No. 1 at 3.) From January to February of 2016, Dr. Daszko prescribed plaintiff an anti-depressant, allegedly in place of a pain pill for chronic pain in plaintiff's left foot. Dr. Largoza reviewed plaintiff's appeal and showed deliberate indifference by not pointing out the "grave injustice" of Dr. Daszko's medical care. (ECF No. 1 at 3.) In November of 2015, Dr. Kuersteen was deliberately indifferent by invalidating the recommendation of a podiatrist who agreed to give plaintiff a steroid injection for chronic pain in his left foot. Finally, plaintiff made defendant Austin aware of the "conflict" and she was deliberately indifferent by "choosing not to be part of the solution in the grievance process." (ECF No. 1 at 4.) Plaintiff seeks injunctive relief and money damages. Plaintiff provided copies of his administrative appeals and responses. (ECF No. 1 at 6-22.)

IV. Medical Standards

The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citation omitted). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson

v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." Id. "The more basic the need, the shorter the time it can be withheld." Id. (citations omitted).

To prevail on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must show that: (1) he had a serious medical need; and (2) the defendant's response to the need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976).

For a prison official's response to a serious medical need to be deliberately indifferent, the official must "'know[ ] of and disregard[ ] an excessive risk to inmate health.'" Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (*en banc*) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

It is well established that "a mere difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference." Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (alterations in original) (citation omitted). This rule applies whether the difference is between the medical professional(s) and a prisoner or two or more medical professionals. Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted).

In appropriate cases, however, a prisoner may state a claim of deliberate indifference to medical needs based on a difference of medical opinion. To do so, the prisoner must show that "the course of treatment the doctors chose was medically unacceptable under the circumstances," and that they "chose this course in conscious disregard of an excessive risk to [the prisoner's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted).

V. Discussion

1. Medication Prescription

In his administrative appeal, plaintiff contends that he was supposed to be prescribed pain medication, but was instead prescribed Effexor (Venlafaxine), an antidepressant medication.

4

Plaintiff read a book, "The Pill Book,"[1] and discovered that the medication was prescribed for depression, anxiety, Major Depressive Disorder, treatment of hot flashes related to menopause, and the management of pain related to diabetes, none of which plaintiff has. (ECF No. 1 at 12-13.) The book also said that Venlafaxine can raise blood pressure and increase cholesterol levels, which plaintiff does suffer. (ECF No. 1 at 12.) Plaintiff stated he was experiencing dizzy spells, nausea, and memory loss. (ECF No. 1 at 12, 14.) The Effexor prescription started on January 4, 2016, and plaintiff stopped taking the Effexor on or about January 31, 2016. (ECF No. 1 at 8, 14.) The prescription was discontinued on February 10, 2016. (ECF No. 1 at 8.)

However, plaintiff's belief that he was prescribed Effexor in error is rebutted by RN Baumert who informed plaintiff that "Effexor has multiple applications and is commonly prescribed to treat pain."[2] (ECF No. 1 at 8.) Plaintiff was told to notify medical staff if he experienced any changes to his medical condition so he could be re-evaluated. (Id.) Plaintiff was seen by Dr. Daszko to discuss plaintiff's refusal to take Effexor. Dr. Daszko offered to taper plaintiff slowly off the Effexor to avoid withdrawal symptoms, but plaintiff declined. (Id.) Plaintiff was also offered a different medication, Trileptal, but plaintiff again declined, stating he wanted stronger pain pills such as Vicodin or Morphine. (Id.) RN Baumert noted that plaintiff actually sustained an improvement in his blood pressure while taking the Effexor. (Id.) Because plaintiff stopped taking the medication, rather than tapering it off, it is unclear whether the nausea and dizziness he was feeling was a side effect of the Effexor or from the discontinuation of it.

In any event, plaintiff's disagreement with defendants about his medication does not reflect a conscious disregard of plaintiff's serious medical needs. In addition, defendants' refusal to provide plaintiff with the pain medication he preferred does not rise to the level of deliberate indifference in violation of the Eighth Amendment. See McGuckin, 974 F.2d 1050 (a defendant "must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order

---

[1] "The Pill Book," (Harold M. Silverman, Pharm. D., ed., 12th ed.). (ECF No. 1 at 12.)

[2] The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

for deliberate indifference to be established."); see also Parlin v. Sodhi, 2012 WL 5411710 at *4 (C.D. Cal. Aug. 8, 2012) ("At its core, plaintiff's claim is that he did not receive the type of treatment and pain medication that he wanted when he wanted it. His preference for stronger medication -- Vicodin, Tramadol, etc., -- represents precisely the type of difference in medical opinion between a lay prisoner and medical personnel that is insufficient to establish a constitutional violation."); Tran v. Haar, 2012 WL 37506 at *3-4 (C.D. Cal. Jan. 9, 2012) (plaintiff's allegations that defendants refused to prescribe "effective medicine" such as Vicodin and instead prescribed Ibuprofen and Naproxen reflected a difference of opinion between plaintiff and defendants as to the proper medication necessary to relieve plaintiff's pain and failed to state an Eighth Amendment claim); Ruiz v. Akintola, 2010 WL 1006435 at *7 (E.D. Cal. Mar. 17, 2010) (granting summary judgment in favor of defendants on plaintiff's inadequate medical care claim where he presented no expert evidence that the Ultram which defendants prescribed, instead of the Norco that U.C. Davis physicians had recommended, was not medically warranted or reasonable), aff'd No. 10-16516 (9th Cir. Nov. 2, 2011). Finally, plaintiff cannot "refuse treatment and then claim deliberate indifference to his medical condition." McNeil v. Singh, 2013 WL 1876127, at *19 n.59 (May 3, 2013) (where plaintiff had declined surgery on at least two occasions and refused medication "because he felt that it was improper or medically harmful," plaintiff could not claim deliberate indifference to his medical condition).

Thus, the documents provided by plaintiff demonstrate that Dr. Daszko did not mis-prescribe Effexor, but that Effexor is commonly prescribed for pain. Plaintiff's belief that he should not have been prescribed Effexor is, at best, a difference of opinion from Dr. Daszko and RN Baumert, and does not rise to the level of deliberate indifference. Moreover, plaintiff cannot state a cognizable civil rights claim based on his personal preference to be prescribed Vicodin or Morphine. Thus, plaintiff's claim is dismissed.

2. Steroid Injection

In the appeal responses, it was noted that on June 2, 2015, plaintiff was seen for orthopedic consultation for pain in his left foot, Achilles tendon area, but the "specialist

////

recommended injection into the heel only if the pain increased in severity due to [the] possibility of rupturing the tendon." (ECF No. 1 at 6.)

Thus, contrary to plaintiff's claim that the failure to provide him the steroid injection was due to deliberate indifference, the records provided by plaintiff demonstrate that he was denied the injection because of the "risk of rupture and lack of clear benefit." (ECF No. 1 at 6.) Plaintiff was provided extra-depth boots to minimize the pain in plaintiff's left foot and heel, as recommended by the specialist. (Id.) Moreover, the orthopedic specialist stated that plaintiff should receive the injection "only" if plaintiff's pain increased in severity. Plaintiff alleges no facts demonstrating that his pain increased. Rather, he claims that since the surgery in 2008, his pain fluctuates from mild to severe, for which plaintiff was prescribed pain medication.

Plaintiff fails to allege facts demonstrating that any defendant was deliberately indifferent to plaintiff's serious medical needs in connection with the failure to provide him with the steroid injection. Although the appeal decision reflects that plaintiff was willing to take the risk and have the injection administered, the Institutional Utilization Management Committee reviewed the request on two separate occasions and determined that due to the risk of rupture and lack of clear benefit, the injection should be denied. (ECF No. 1 at 6.) Thus, plaintiff's claim constitutes a difference of opinion between him and his prison doctors, and does not rise to the level of deliberate indifference. Therefore, the complaint must be dismissed.

3. <u>Defendants Largoza and Austin</u>

Plaintiff's allegations as to defendants Largoza and Austin are too vague and conclusory to state an Eighth Amendment claim based on deliberate indifference to plaintiff's serious medical needs. Plaintiff does not articulate any facts meeting the two prongs of <u>Farmer</u> as to either defendant. Absent facts not pled here, their involvement in the appeals process does not necessarily demonstrate awareness of a constitutional violation, or contribute to the underlying constitutional violation <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1086-97 (9th Cir. 2014).

In addition, the Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the

7

administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 Fed. Appx. 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Thus, plaintiff's claims against defendants Largoza and Austin are dismissed. In light of the above analysis, it does not appear that plaintiff can amend his complaint to state a cognizable Eighth Amendment claim against defendants Largoza and Austin.

VI. Leave to Amend

It is not clear that plaintiff can allege facts demonstrating deliberate indifference. However, in an abundance of caution, the court grants plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: September 28, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tuck1798.14n

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLIOUS TUCKER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAROM A. DASZKO, M.D., et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-1798 KJN P<br><br><br>ORDER |

　　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　　　　　Amended Complaint

DATED:

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Plaintiff