UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLIOUS TUCKER,<br><br>Plaintiff,<br><br>v.<br><br>JAROM A. DASZKO, M.D., et al.,<br><br>Defendants. | No. 2:17-cv-1798 KJN P<br><br><br><br>ORDER |

I. Introduction

    Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff's amended complaint is before the court. As discussed below, plaintiff's amended complaint is dismissed with leave to amend.

II. Screening Standards

    As set forth in the court's prior order, this court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. (ECF No. 6.)

III. Plaintiff's Amended Complaint

    Plaintiff is again challenging the medical care provided for his foot. In his 277-page filing, plaintiff includes some of his previous allegations against Dr. Dasko, but does not allege specific facts demonstrating medical deliberate indifference as to the remaining defendants, and

simply challenges the prior screening order as to defendants Largoza, Kuersteen and Austin with one conclusory sentence: "plaintiff still contends they are completely responsible for their knowledge of plaintiff's condition and their refusal to act accordingly." (ECF No. 11 at 5.) Such allegation is insufficient to demonstrate an Eighth Amendment violation by defendants Largoza, Kuersteen and Austin. Similarly, it does not appear that plaintiff can allege facts stating a cognizable Eighth Amendment claim against R.N. Baumert. The nurse cannot prescribe pain medication, and plaintiff alleges no facts suggesting Baumert was deliberately indifferent to plaintiff's serious medical needs.

While not entirely clear, it appears that plaintiff may be able to state a deliberate indifference claim against Dr. Dasko based on plaintiff's allegation that the doctor is failing to provide adequate pain medication for plaintiff's foot pain. However, plaintiff's vague statements are insufficient to demonstrate that Dr. Dasko acted with a culpable state of mind. In addition, plaintiff was previously advised that a difference of opinion is insufficient to demonstrate deliberate indifference. Therefore, plaintiff is granted leave to file a second amended complaint as to Dr. Dasko, but plaintiff is cautioned to review the appropriate standards and allege specific facts which plaintiff contends demonstrates Dr. Dasko acted or is acting with a culpable state of mind.

IV. Medical Standards

Plaintiff is reminded of the following standards governing his claims.

The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citation omitted). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a

constitutional violation has occurred." Id. "The more basic the need, the shorter the time it can be withheld." Id. (citations omitted).

To prevail on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must show that: (1) he had a serious medical need; and (2) the defendant's response to the need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976).

For a prison official's response to a serious medical need to be deliberately indifferent, the official must "'know[ ] of and disregard[ ] an excessive risk to inmate health.'" Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (*en banc*) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

It is well established that "a mere difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference." Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (alterations in original) (citation omitted). This rule applies whether the difference is between the medical professional(s) and a prisoner or two or more medical professionals. Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted).

In appropriate cases, however, a prisoner may state a claim of deliberate indifference to medical needs based on a difference of medical opinion. To do so, the prisoner must show that "the course of treatment the doctors chose was medically unacceptable under the circumstances," and that they "chose this course in conscious disregard of an excessive risk to [the prisoner's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted).

V. Leave to Amend

Because plaintiff's amended complaint fails to stage a cognizable claim, it must be dismissed. In an abundance of caution, plaintiff is granted one final opportunity in which to file an amended pleading.

If plaintiff chooses to amend, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423

3

1 | U.S. 362, 371 (1976). Also, the second amended complaint must allege in specific terms how
2 | each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless
3 | there is some affirmative link or connection between a defendant's actions and the claimed
4 | deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d
5 | 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation
6 | in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.
7 | 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

However, plaintiff shall not append any exhibits to his second amended complaint.[1]

Finally, plaintiff is cautioned that he must file his pleading on the complaint form provided by the court, and he must set forth specific factual allegations as to each defendant he claims demonstrate violated plaintiff's constitutional rights.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Second Amended Complaint.

---

[1] Indeed, the practice of attaching reams of documents to a complaint usually does not aid the court in any way, and instead "needlessly complicates challenges to the sufficiency of pleadings." Montgomery v. Buege, 2009 WL 1034518 at *4 (E.D.Cal. April 16, 2009) (Shubb, J.) (striking attached exhibits which "do not form the basis of the claims alleged in the Complaint").

4

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, the Local Rules of Practice, and the orders of this court. The second amended complaint must also bear the docket number assigned to this case, be labeled "Second Amended Complaint," and be filed on the court's complaint form. Plaintiff shall not attach any exhibits.

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

3. The Clerk of the Court shall send plaintiff the form for filing a civil right complaint by a prisoner.

Dated: July 5, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tuck1798.14b

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLIOUS TUCKER,<br><br>Plaintiff,<br><br>v.<br><br>JAROM A. DASZKO, M.D., et al.,<br><br>Defendants. | No. 2:17-cv-1798 KJN P<br><br><br>ORDER |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____    Second Amended Complaint

DATED:

_____
Plaintiff